ROANE, Judge.
This was a contract between Griffin and Willis; whereby, the former agreed to give his bond for 2,500/. specie, payable ata distant day; on consideration whereof, the latter agreed to pay him 15,000/. paper money, on or before the 4th of May, 1780, and give his bond for the further sum of 10,000/. payable on or before the 4th of May, 1781; with a proviso, that the former might declare the bargain void, or not, if the'latter failed in payment on the 4th of May, 1780.
The first sum was paid by Willis, shortly after the day; the acceptance whereof, by Griffin, is deemed a renunciation of his power to revoke, reserved by the appellee.
As between Griffin and Willis, in the event which has happened of the abolition of the paper currency, the general scale would have been resorted to, as at the time of the contract for the ascertainment of the value of the paper money, had not an agreed rate of depreciation been in the contemplation of the parties. That rate, as evinced by the contract itself, and the testimony, was ten for one. Willis, then, would have been liable to Griffin, under the decisions of this Court, for the very sum in specie, (as the *379 agreed value of the paper at the time,) which his assignee is now claiming from Griffin upon his bond.
Where, then, is the inequality of ihis contract ? Rul the matter did not rest here. Willis substituted a bond of Dixon, for the 10,000/. for which he paid the money, and which terminated the business between him and Griffin, by consent of the latter.
If that bond has been paid off to him, in paper or in specie, according to the legal scale, (the agreed one being relinquished by him by the effect of that transaction,) it is nothing to Willis or his assignee, the former having complied with the agreement on his pail.
The,re is, then, certainly no inequality or iniquity in the transaction, which should affect Brachan the assignee for valuable consideration, and without notice of any objection.
I think, therefore, that the injunction ought to be dissolved.
FLEMING, Judge.
The contract in this case, was founded upon speculation on both sides. Griffin thought, the present use of the money would be advantageous to him; and Willis, that it would he more beneficial to receive the specie at a distant day. The contract seems to have been fully understood by the parties; and to have been fairly entered into upon both sides. In its origin, then, there was no objection to it; and the only question is, whether it has been performed. The bill states, that the 15,000/. were not paid; nor the bond given for the 10,000/.; although the plaintiff executed his bond for the 2,5001. specie." To say nothing of the improbability of a man’s giving his bond without the equivalent, the bill is expressly contradicted by the answer and several documents in the cause; which prove a substantial fulfilment upon the part of Willis; who, therefore, was entitled to demand performance from the other party, however unfavourable the contract may have eventually proved to Griffin: Of course, Brachan, who now represents him, has the same right to the specie; and, therefore, there is not the slightest ground for the injunction, which ought f.o be wholly dissolved, and the bill dismissed,
CARRINGTON, Judge.
This was a mere speculation upon the paper currency of the country. Griffin attached avalué to the present-use of « considerable sum of it: *380 Willis calculated that it would be better to part with it, and receive specie for it at a more distant period. Both of them acted fairly in making the contract, and, there is nothing to taint or impeach it, if it has been complied with by Willis. The bill alledges, that he did not comply; but the answer contradicts it; and that receives considerable support from the documents in the cause: Which, taken together, very clearly establish, that the contract has been substantially performed, on the part of Willis; and, consequently, no reason can be adduced, why Griffin should not be held to a fulfilment, upon his part also. I am therefore of opinion, that the decree ought to be reversed, and the bill dismissed.
LYONS, Judge.
The case appears to me, to be a very plain one against Griffin, who entered into a fair contract, which has been substantially fulfilled by the other party, and, consequently, he can have no pretext for not performing it himself. I concur, therefore, that the decree ought to be reversed, and the bill dismissed.